**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PHILLIP CRAWFORD,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CH-0752-21-0069-I-1 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: March 29, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Glenn L. Smith, Esquire, Grand Rapids, Michigan, for the appellant.

Deborah W. Carlson, Chicago, Illinois, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal for unsatisfactory attendance. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was removed from his position as Postmaster of the Oak Park, Illinois Post Office effective October 26, 2020, based on the charge of unsatisfactory attendance between March 31 and July 2, 2020. Initial Appeal File (IAF), Tab 5 at 24-29, 65. During this period of absence, the appellant submitted two medical notes to the agency.[2] *Id*. at 39, 42; IAF, Tab 34 at 21-22. On May 12, 2020, the appellant submitted a medical note, dated March 30, 2020, which described his medical conditions and symptoms, and stated that because he was "at high risk of contracting serious infections" he should stay off work until May 30, 2020. IAF, Tab 5 at 39, 42. Subsequently, on July 6, 2020, the appellant submitted a second medical note, dated June 1, 2020, which reiterated the same contents of the first medical note, except it expressly

---

[2] There is a third medical note in the record dated May 18, 2020, which mirrors the contents of the March 30, 2020 medical note, except that the May 18, 2020 note specifically mentions COVID-19. IAF, Tab 34 at 80. Notably, March 2020 was the first month of the COVID-19 pandemic. While the appellant claims to have provided this document to the agency, there is no corroborating evidence in the record supporting this assertion. Hearing Recording (HR) (testimony of the appellant).

referenced COVID-19 and stated that he should remain off work until July 6, 2020. IAF, Tab 34 at 21-22.

¶3    The appellant filed a Board appeal of his removal, and after holding a hearing, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 43, Initial Decision (ID). The appellant has filed a petition for review, comprised of two letters from his doctor that are already in the record.[3] Petition for Review (PFR) File, Tab 3 at 5, 7; IAF, Tab 34 at 22, 80. The agency has filed a response to the appellant's petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency proved its charge of unsatisfactory attendance because it proved that the appellant was absent without leave.

¶4    To support its charge of unsatisfactory attendance, the agency alleged that the appellant was absent for 392 hours between March 31 and July 2, 2020, including 160 hours of absence without leave (AWOL), 40 hours of leave without pay (LWOP), and 192 hours of unscheduled sick leave. IAF, Tab 5 at 25. The administrative judge sustained the agency's charge, finding that the agency proved that the appellant was absent on the dates listed, and that his absences were unauthorized or the agency properly denied his leave requests. ID at 5-6, 10. Thus, based on her analysis, it appears that the administrative judge sustained the overall charge of unsatisfactory attendance based on the finding that the agency proved the appellant was AWOL. We agree with this approach.

¶5    When determining whether an agency has proved its charge, the Board distinguishes between facts supporting a charge, and an element of a charge that must be proven for the charge to be sustained. *See Diaz v. Department of the Army*, 56 M.S.P.R. 415, 420 (1993) (explaining that the Board distinguishes

---

[3] The appellant has included the same doctor's note twice in his petition for review. PFR File, Tab 3 at 5-6.

between "factual recitations supporting a charge whose essential nature does not change and a charge encompassing more than one element, each of which changes the nature of the charge"). The agency charged the appellant with unsatisfactory attendance, and explained that it was because the appellant was absent for a total of 392 hours over a 3-month period. IAF, Tab 5 at 24-25. However, the agency need not prove each hour of the absence in order to sustain the unsatisfactory attendance charge as a whole. *See Diaz*, 56 M.S.P.R. at 420. Thus, we find that if the agency proves that the appellant was AWOL for the hours alleged, then this is sufficient to support the overall charge of unsatisfactory attendance.[4] *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (explaining that proof of one of the supporting specifications is sufficient to sustain a charge).

¶6        To prove an AWOL charge, an agency must show that the employee was absent from duty, and either that his absence was unauthorized or that his request for leave was denied properly. *Boscoe v. Department of Agriculture*, 54 M.S.P.R. 315, 325 (1992). First, the appellant was absent on the dates charged by the agency. His leave records confirm his absence, and, as the Board has held that normal office records, compiled in the ordinary course of business, are entitled to substantial weight, we find that he was absent on the specified dates. *Sosa v. Office of Personnel Management*, 76 M.S.P.R. 683, 685 (1997); IAF, Tab 32 at 72. Next, we defer to the administrative judge's findings that the absences were unauthorized or leave was properly denied, as she based her findings on the testimony of the appellant's supervisor explaining that the appellant did not follow the agency's call-in procedures, did not directly notify the supervisor of the absences, and did not timely provide medical documentation that supported

---

[4] When periods of AWOL are included within an agency's charge of unsatisfactory attendance, the Board will consider them as an AWOL charge. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 32 (2015) (stating that to the extent periods of AWOL are included in an excessive absences charge, the Board will consider them as an AWOL charge).

his continued absence. ID at 6-10. The Board must give deference to an administrative judge's credibility determinations when, as here, they are based on the observation of the demeanor of witnesses testifying at a hearing. *Rapp v. Office of Personnel Management*, 108 M.S.P.R. 674, ¶ 13 (2008). The Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Because the administrative judge's determinations are complete, consistent with the weight of the evidence, and reflect the record, we discern no basis for overturning her determinations. ID at 6-10.

¶7        Thus, because the agency has established that the appellant was AWOL for 160 hours, or approximately one third of the charged period of absence, we find the agency's charge of unsatisfactory attendance as a whole was properly sustained.[5]

The appellant did not establish that the agency failed to reasonably accommodate him because his requests were either retroactive and invalid, or they were granted.

¶8        In the initial decision, the administrative judge found that the appellant did not establish his failure to accommodate defense because there was no evidence that he requested an accommodation for his disability. ID at 17. The Rehabilitation Act requires that an agency provide reasonable accommodation to the known physical or mental limitations of an otherwise

---

[5] While we need not consider whether the agency proved the other facts underlying the unsatisfactory attendance charge, we acknowledge that, as a general rule, an agency's approval of leave for unscheduled absences precludes it from taking an adverse action based on such absences. *Wesley v. U.S. Postal Service*, 94 M.S.P.R. 277, ¶ 14 (2003). However, the Board has recognized exceptions to this rule for the Postal Service, which is not subject to the leave regulations of 5 C.F.R. part 630, holding that the Postal Service may take disciplinary action against an employee based on his failure to follow leave-requesting procedures and his use of unscheduled leave, provided that the employee is clearly on notice of such requirements and of the likelihood of discipline for continued failure to comply. *Id.*; *Fleming v. U.S. Postal Service*, 30 M.S.P.R. 302, 308 (1986). Thus, the agency's use of unscheduled approved leave as a basis for a disciplinary action is not per se improper.

qualified individual with a disability unless the agency can show that the accommodation would cause undue hardship. *Clemens v. Department of the Army*, [120 M.S.P.R. 616](#), ¶ 10 (2014). [6] While there are no "magic words" that an employee must use to request a reasonable accommodation, the employee must explain that he is requesting an adjustment or modification to working conditions or duties to assist with his disability. *Patton v. Jacobs Engineering Group*, [874 F.3d 437](#), 444 (5th Cir. 2017); *see Foster v. Mountain Coal Company*, [830 F.3d 1178](#), 1188 (10th Cir. 2016) (explaining that a reasonable accommodation request "must make clear that the employee wants assistance for his or her disability"); *Ballard v. Rubin*, [284 F.3d 957](#), 962 (8th Cir. 2002) (stating that while there are no magic words needed to request a reasonable accommodation, the employee must make clear that he wants assistance for his disability). [7]

¶9      To the extent that the appellant's medical documentation requested that leave be applied retroactively, the agency was not required to consider such an accommodation. A reasonable accommodation request must place the agency on notice of the appellant's need for assistance with his disability. *Patton*, 874 F.3d at 444. Thus, a reasonable accommodation must always be prospective because, otherwise, sufficient notice of such need is not given to the agency. *See id.*; *see also* [42 U.S.C. § 12112](#)(b)(5) (defining illegal disability discrimination to include failing to reasonable accommodate "known physical or mental limitations"); *Clawson-Cano v. Department of Agriculture*, EEOC Appeal No. 0120121727, 2012 WL 3614534, at \*5 (Aug. 17, 2012) (stating that

---

[6] As a Federal employee, the appellant's disability discrimination claim arises under the Rehabilitation Act. *Clemens*, [120 M.S.P.R. 616](#), ¶ 10 n.7. The Rehabilitation Act incorporates the regulatory standards for the Americans with Disabilities Act (ADA) set forth at 29 C.F.R. part 1630. *Id.*; [29 U.S.C. § 791](#)(g); [29 C.F.R. § 1614.203](#)(b).

[7] Decisions of courts other than the U.S. Court of Appeals for the Federal Circuit, although not binding, may be followed if the Board finds the reasoning persuasive. *Mynard v. Office of Personnel Management*, [108 M.S.P.R. 58](#), ¶ 14 (2008).

reasonable accommodation requests are prospective in nature and do not form a basis for excusing past behavior even if the alleged disability caused the misconduct).[8]

¶10    Thus, because the appellant delayed in submitting his medical documentation to the agency, for the time period that the documentation applied retroactively, i.e., March 31 through May 11, 2020, and May 31 through July 6, 2020, the agency was under no obligation to treat it as a reasonable accommodation request.  IAF, Tab 5 at 39, 42, Tab 34 at 21-22.  However, to the extent that the medical documentation applied prospectively, i.e., leave from May 12 through May 30, 2020, the documentation constitutes a valid reasonable accommodation request, because it states that the appellant needs assistance, i.e., leave, due to his medical condition.  IAF, Tab 5 at 39, 42.  Nevertheless, the appellant cannot establish that the agency failed to accommodate this request, because it granted him leave from May 12 through May 30, 2020.[9]  Hearing Recording (testimony of the appellant's supervisor), IAF, Tab 32 at 72.

¶11    Accordingly, because the appellant did not establish his failure to accommodate claim, we discern no basis for reversing the initial decision.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  Furthermore, because we

---

[8] Although decisions from the Equal Employment Opportunity Commission (EEOC) are not binding, the Board generally defers to the EEOC on issues of substantive discrimination law unless the EEOC's decision rests on civil service law for its support or is so unreasonable that it amounts to a violation of civil service law.  *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 20 (2013).

[9] To the extent that the agency used the appellant's leave from May 12 through May 30, 2020, as part of the factual basis for its unsatisfactory attendance charge, this was improper, because the leave appears to have been scheduled and approved in advance of the absence taken.  IAF, Tab 5 at 25, 39, 42; HR (testimony of the appellant's supervisor).  Nevertheless, as explained above, because we find that the unsatisfactory attendance charge was properly sustained because the agency proved 160 hours of AWOL, such error was not prejudicial.

discern no other basis that would support a reversal of the initial decision, we affirm it. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (declining to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

**NOTICE OF APPEAL RIGHTS**[10]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.